IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ABBY RICHARDSON-ROSS,

    Plaintiff,
v.                                                      CASE NO. 1:07-cv-00206-MP-AK

LEVY COUNTY SHERIFFS OFFICE,
WILLIE LEE POWELL,

    Defendants.
_____/

## **O R D E R**

      This matter is before the Court on Doc. 9, Motion to Remand and Memorandum of Law by Abby Richardson-Ross, to which the government has responded (doc. 11). Plaintiff filed a five-count complaint in state court based on an alleged sexual battery committed against plaintiff while she was an inmate at the Levy County Sheriff's Office detention facility. The sexual battery was allegedly committed by defendant Willie Powell, who is a correctional officer in the employee of the Levy County Sheriff's Office. Count I alleges federal constitutional claims against Willie Lee Powell under the First, Fourth, Fifth and Fourteenth Amendments. Count II asserts claims under the same amendments against the Sheriff's Office. Count III alleges common law negligence against the Sheriff's Office, Count IV alleges state law battery against Willie Lee Powell, and Count V alleges battery against the Sheriff's Office (based on respondeat superior).

      The defendants removed the action to this Court, and plaintiff moved to remand, arguing (1) that the removal was procedurally flawed because certain documents were not included in the petition; (2) that the complaint was dominated by state law; and (3) that defendant removed the

case and then asserted Eleventh Amendment immunity, and in such cases the Court should remand the case to state court. With regard to the failure to attach the summons and return of service, the Court agrees that while 28 U.S.C. § 1446(a) requires the remover to attach "all process" the failure to do so is merely a procedural defect which the Court has discretion to excuse. Here, the defendants did attach the Complaint, Answer and Removal Notices, and the summons and returns of service were attached to the Motion to Remand as exhibits. Thus, no prejudice can be shown by the failure to originally attach them, and so this defect is not a reason to remand this case.

Second, the Court disagrees with Plaintiff that this case is dominated by state law. In fact, the first two counts are entirely grounded in federal constitutional law, and it is not uncommon for a federal trial court to exercise pendent jurisdiction over the remaining state claims. Accordingly, this is not a reason to remand this case.

Finally, the Sheriff simply has not asserted Eleventh Amendment immunity in this case. In his response, he states,

> Sheriff Smith does not enjoy Eleventh Amendment Immunity in this context, has not raised Eleventh Amendment Immunity, and recognizes that removing a case to then assert Eleventh Amendment Immunity would either be an absurd act or removal would waive Eleventh Amendment Immunity.

Doc. 11, p. 4. Instead, the Sheriff indicates that he is asserting the State of Florida's sovereign immunity, which must be considered whether the case is in state or federal court. The undersigned does not hereby make any ruling, however, as to whether the Sheriff can assert even this sovereign immunity with regard to the federal claims in this case, particularly in light of the

following language from Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1314-15 (11th Cir. 2005):

> Since this Court has construed the word "person" in § 1983 to exclude States, neither a federal court nor a state court may entertain a § 1983 action against such a defendant. Conversely, since the Court has held that municipal corporations and similar governmental entities are "persons," see Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021-22, 56 L.Ed.2d 611 (1978); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 69 n. 9, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Mt. Healthy City Bd. of Education v. Doyle, 429 U.S. 274, 280-281, 97 S.Ct. 568, 572-573, 50 L.Ed.2d 471 (1977), a state court entertaining a § 1983 action must adhere to that interpretation. "Municipal defenses-including an assertion of sovereign immunity- to a federal right of action are, of course, controlled by federal law." Owen v. City of Independence, 445 U.S. [622, 647 n. 30, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980)]. "By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress-the supreme sovereign on matters of federal law-abolished whatever vestige of the State's sovereign immunity the municipality possessed." Id., at 647-648, 100 S.Ct., at 1413-14.

Based on the above, it is hereby

**ORDERED AND ADJUDGED:**

The motion to remand, doc. 9, is denied, and the Clerk is directed to send out an initial scheduling order.

**DONE AND ORDERED** this  *18th*   day of April, 2008

      *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge